UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| APPLICATION BY RECEIVERS HUGH DICKSON AND JOHN ROYLE FOR AN EX PARTE ORDER PURSUANT TO 28 U.S.C. § 1782 FOR DISCOVERY IN AID OF FOREIGN PROCEEDINGS | : : : : : : : : : : | Civil Action No. 20-940 (ES) (MAH)<br><br>**REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This matter comes before the Court by way of the *ex parte* application of Hugh Dickson and John Royle (the "Receivers") for an order of judicial assistance pursuant to 28 U.S.C. § 1782 appointing their counsel, William T. Marshall Jr., Esq., as a Commissioner of the Court to facilitate the issuance of subpoenas and the gathering of documentary evidence for discovery in a legal proceeding in the Cayman Islands. For the reasons that follow, the Undersigned respectfully recommends that the District Court grant the application.[1]

## II. BACKGROUND

This application arises out of an international business dispute venued in the Grand Court of the Cayman Islands (the "Foreign Proceeding").[2] *See* Decl. of John Royle ¶ 1, Jan. 28, 2020, D.E. 2 ("Royle Decl."). "For several years, litigation has been pending in the Cayman Islands and other locations around the world between certain heirs of Israel Perry, concerning the ultimate

---

[1] "Courts are divided as to whether decisions on discovery applications under § 1782 are dispositive or non-dispositive." *In re Appl. for Disc. for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782*, No. 17-4269, 2019 WL 168828 at *4, (D.N.J. Jan. 10, 2019) (noting split of authority). Out of an abundance of caution, the Undersigned proceeds by way of Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(1).

[2] The matter is captioned *Lea Lilly Perry and Tamar Perry v. Lopag Trust Reg., Private Equity Services (Curaco) N.V., Fiduciana Verwaltungsanstalt, Gal Greenspoon-Perry, Yael Perry, Dan Greenspoon, Ron Greenspoon, and Mia Greenspoon*, No. FSD 205 of 2017 (NSJ).

1

control and ownership of various material corporate and real estate assets around the world, including in the United States." Decl. of Adrian Mackay ¶ 8, Jan. 28, 2020, D.E. 3 ("Mackay Decl."). At issue is the ownership and control of Britannia Holdings 2006 Ltd. ("BH06" or the "Share"), which through interests in various other corporate entities, maintains a stake in an LLC that owns an apartment building in New York City. *See* Royle Decl. ¶¶ 7-20.

Specifically, BH06 is the 99% shareholder of greetNwin.com ("GNW"), which in turn owns 49.5% of the shares of RECAP Chelsea Investment, LLC ("RECAP Chelsea"). *See* Mackay Decl. ¶¶ 3, 13. RECAP Chelsea then owns a 24% interest in Chelsea Associates, LLC—the owner of the New York City building. *See id.* ¶ 17. Chelsea Associate's income, which is largely derived from rent, is distributed back to RECAP Chelsea and ultimately GNW. *See id.* ¶¶ 17-18. According to Adrian Mackay, GNW's president, GNW's stake in the various entities is worth approximately $19.3 million. *Id.* ¶¶ 1, 19.

The Grand Court appointed the Receivers to protect and preserve the value of BH06 until the conclusion of the Foreign Proceeding. *See* Royle Decl. ¶¶ 1, 3-5; Royle Decl., Ex A ¶¶ 1-2, D.E. 2-1 ("Appointment Order"); Royle Decl., Ex. B ¶ 2, D.E. 2-2 ("Consent Order"). The Appointment Order grants the Receivers the authority to institute legal proceedings on BH06's behalf. *See* Appointment Order ¶ 4. The impetus for the present application is the prospect of substantial penalties arising from GNW's failure to file certain tax and financial statements in recent years, along with the Receivers' general need to be apprised of the status of GNW's assets for the purpose of fulfilling their court-appointed duties. *See* Mackay Decl. ¶¶ 20-26; Royle Decl. ¶¶ 21, 27-31. Accordingly, the Receivers seek an Order appointing their attorney as Commissioner of the Court with subpoena power and the ability to file *ex parte* requests for judicial assistance in conjunction with a subpoena to be served on GNW's former director and officer, Michael Jacob.

*See* Proposed Order Granting Judicial Assistance, Jan. 28, 2020, D.E. 1-1.  The Receivers seek deposition testimony as well as the production of documents responsive to twenty-five categories of demands concerning the affiliated business entities.  *See id.*, Ex. A, D.E. 1-1.

According to the Receivers' submissions, Jacob is a New Jersey resident and served as an officer and the sole director of GNW from June 17, 2015 to August 22, 2016.  Royle Decl. ¶¶ 11-15.  Prior to his removal from GNW, Jacob had authorized Neil Duggan to serve as GNW and Solid IGS Capital US Inc.'s (the other 49.5% owner of RECAP Chelsea) agent in connection with RECAP Chelsea's investment in Chelsea Associates.  *See id.* ¶¶ 17-19.  According to Royle,

> [d]espite repeated requests from the Receivers, the GNW Directors and GNW's legal counsel, . . . both Duggan and Jacob have failed to provide documents and information that are necessary for the GNW Directors and GNW's legal counsel to manage GNW's business, including the filing of its tax returns for the years 2015-2018.  The Receivers and GNW Directors have made numerous good faith efforts to obtain relevant information from Duggan and Jacob.  To date, Duggan and Jacob have failed to adequately cooperate and provide complete information.

*Id.* ¶ 22.  Mackay makes similar representations regarding Duggan's and Jacob's failure to comply with the Receivers' and GNW Directors' requests for information:

> Instead of adequately cooperating and providing the GNW Directors with relevant information and documents (particularly information that the Receivers are seeking in this application), Jacob, Duggan, and their counsel have repeatedly challenged the GNW Directors' authority, even though they are aware that the . . . Receivers appointed the BH06 directors pursuant to the Receivers' authority under the terms of the [Appointment Order], and that the BH06 directors ratified the GNW Directors' appointment.  Further, even though he has no authority to do so, Jacob continues to be active in the affairs of RECAP Chelsea . . . .

Mackay Decl. ¶ 28.  In short, it is alleged that Jacob stopped cooperating with the Receivers and GNW Directors sometime around December 2018, which has left the Receivers in the dark regarding, *inter alia*, Chelsea Associates' financial performance and continued investment in the

3

real estate holding; RECAP Chelsea's financial dealings; a $4,500,000 transfer from GNW to BH06 in 2016; and related party transactions. *See id.* ¶ 25; Royle Decl. ¶¶ 24-27, 30.

### III. ANALYSIS

The purpose of 28 U.S.C. § 1782 is "to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Under 28 U.S.C. § 1782(a), "[t]he district court in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." The statute further prescribes that "any interested party" may make the application to "direct that the testimony or statement be given, or the document or other thing be produced before a person appointed by the court." *Id.* Accordingly, there are three statutory prerequisites to obtaining relief under § 1782: "(1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by . . . any interested person." *In re Appl. for Disc. for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782*, 2019 WL 168828, at *5 (citing *In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998)).

The decision whether to grant an application pursuant to § 1782 is a discretionary one. *See Intel Corp.*, 542 U.S. at 264; *In re Biomet Orthopaedics Switzerland GmBh*, 742 F. App'x 690, 696 (3d Cir. 2018). Prior to ruling on an application, courts consider the following four additional considerations:

> (1) whether the evidence sought is within the foreign tribunal's jurisdictional reach, and thus accessible absent section 1782 aid;
>
> (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign

> government or the court or agency abroad to U.S. federal-court judicial assistance;
>
> (3) whether the request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States;
>
> (4) whether the subpoena contains unduly intrusive or burdensome requests.

*In re O'Keeffe*, 646 F. App'x 263, 266 (3d Cir. 2016) (citing *Intel Corp.*, 542 U.S. at 264-65). "A district court's discovery discretion under § 1782 'must be exercised in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *In re Catalyst Managerial Servs., DMCC*, 680 F. App'x 37, 38 (2d Cir. 2017) (quoting *Mees v. Buiter*, 793 F.3d 291, 297–98 (2d Cir. 2015)).

   **1. The Statutory Factors**

The Undersigned finds that the Receivers have satisfied the "modest prima facie elements" under the statute. *In re Biomet Orthopaedics Switzerland GmBh*, 742 F. App'x at 695-96. The Undersigned must first ascertain whether Jacob "resides or [can be] found" in New Jersey. 28 U.S.C. § 1782(a); *see also In re Appl. for Disc. for Use in Foreign Proceeding Pursuant to 28 U.S.C. § 1782*, 2019 WL 168828, at *5. Based on his association with the company Data Life Inc., the Receivers submit that "Jacob is found in and maintains his business in Verona, New Jersey." Mem. of Law in Supp. of Movants' Appl. for Judicial Assistance ("Mem. of Law"), at 6, D.E. 1-2, Jan. 28, 2020; *see also* Royle Decl. ¶ 11 (attesting that Jacob is the executive vice president and Chief Financial Officer of the New Jersey-based company, Data Life, Inc.); Royle Decl., Ex. C (attaching Data Life webpage that identifies Jacob as part of the Data Life's "senior management team" and a letter of acceptance between Jacob and GNW that includes a New Jersey

5

mailing address). Based on the Receivers' submissions, the Undersigned is satisfied that Jacob resides in or can be found in New Jersey.

The Undersigned next concludes that Petitioners have satisfied their burden of establishing that the discovery they seek is for use in a foreign proceeding. Courts have recognized the Grand Court of the Cayman Islands as a valid tribunal for § 1782 purposes. *In re Hopkins*, No. 20-80012, 2020 WL 733182, at *2 (N.D. Cal. Feb. 13, 2020); *In re Dickson*, No. 20-51, 2020 WL 550271, at *1 (S.D.N.Y. Feb. 4, 2020) (granting the Receivers' application to serve subpoenas on five New York entities for discovery to be used in the Foreign Proceeding). Further, the scope of the appointment supports the conclusion that the Receivers will likely utilize the evidence collected to carry out their Court-appointed duties. For example, the Receivers' duties include managing the preserving the value of BH06, which may include initiating litigation on BH06's behalf. *See* Appointment Order ¶ 1 (prescribing that the Receivers "shall be appointed to receive and manage the share in [BH06]"); *id.* ¶¶ 3-4 (declaring that the Receivers have the power "to exercise all or any of the rights attaching to the Share in accordance with the memorandum and articles of association from BH06" in order to "preserv[e] and protect[] the Share and the value of the Share[,]" including litigation). Further, one of the Receivers, John Royle, has attested that the information is necessary in the Foreign Proceeding "manage the affairs of BH06 and the Share," "provide parties in the Foreign Proceeding with accounting reports relating to BH06," and to support the Receivers' applications for remuneration of receivership fees. Royle Decl. ¶¶ 28-31. Finally, the Receivers are interested parties in the foreign proceeding because they were appointed by the Grand Court to assist in the Foreign Proceeding. *See In re Dickson*, 2020 WL 550271, at *1 (concluding that the Receivers are interested persons).

**2. The Discretionary Factors**

The Receivers have also satisfied the four discretionary factors "that bear consideration in ruling on a § 1782(a) request." *Intel Corp.*, 542 U.S. at 264. First, there is nothing in the record that indicates that Jacob is a participant in the Foreign Proceeding, or that the documents under his control are otherwise within the Grand Court's jurisdictional reach. *See Intel Corp.*, 542 U.S. at 264 (considering whether "the person from whom discovery is sought is a participant in the foreign proceeding," and thus "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad"); Mem. of Law at 11 (asserting that "[t]he evidence being sought is located in the United States and, based on Jacob's repeated failure to cooperate, the evidence sought is unobtainable absent a § 1782 Order").

Second, the Grand Court appears receptive to judicial assistance from abroad. *See Intel Corp.*, 542 U.S. at 264 (considering "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"); *In re O'Keeffe*, 646 F. App'x at 266 (finding that the district court did not abuse its discretion in requiring "authoritative proof that the foreign court would reject the evidence obtained with the aid of Section 1782" on a motion to quash a subpoena); *In re Hopkins*, 2020 WL 733182, at *3 ("In the absence of evidence that the Cayman Islands court would object to Petitioners' discovery of the information sought in the subpoena, or that Cayman Islands courts object more generally to the judicial assistance of U.S. federal courts, the Court finds that this factor weighs in favor of authorizing service of the subpoena."). Indeed, the Appointment Order grants the Receivers the power "to seek recognition of their appointment in such jurisdiction(s) as they deem necessary and/or to obtain such approvals or authorisations whether judicial or otherwise in so far as may be necessary or expedient to enable them to exercise

their powers within any jurisdiction[.]" Appointment Order ¶ 4e.  The Appointment Order further prescribes that the Receivers have the power "to commence, continue, discontinue or defend any action or other legal proceeding in any jurisdiction[.]"  *Id.* ¶ 4g.

Third, there is no evidence that the Receivers are attempting to circumvent any proof-gathering restrictions imposed by the Grand Court.  Turning again to the Appointment Order, the Receivers have been granted the power to commence legal proceedings in any jurisdiction in order to assist them administer their Court-appointed duties.  *See id.* ¶¶ 4e, 4g.  The Receivers were under no obligation to exhaust discovery mechanisms in the Cayman Islands prior to filing the instant application—whether under Section 1782 or pursuant to order of the Grand Court.  *See In re O'Keeffe*, 646 F. App'x at 268 ("We have never held that an applicant must seek discovery relief in the foreign forum first."); *In re Appl. for Disc. for Use in Foreign Proceeding Pursuant to 28 U.S.C. § 1782*, 2019 WL 168828, at *11 ("The third discretionary factor is intended to discourage a party from making an 'end-run around foreign proof-gathering restrictions or other policies of a foreign country.'" (quoting *In Re Microsoft Corp.*, 428 F. Supp. 2d 188, 195 (S.D.N.Y. 2006)); *In re Hopkins*, 2020 WL 733182, at *4 ("In the absence of contrary information regarding the procedures acceptable to a Cayman Islands court for obtaining the bank account information sought here, the Court concludes that this factor also weighs in favor of discovery.").

Finally, the proposed subpoena is not unduly burdensome under the Federal Rules of Civil Procedure.  *See In re Ex Parte Glob. Energy Horizons Corp.*, 647 F. App'x 83, 85-86 (3d Cir. 2016) ("Section 1782 expressly incorporates the Federal Rules of Civil Procedure and the fourth factor aligns with Rules 26 and 45. Thus, assessment of the fourth factor is virtually identical to the familiar 'overly burdensome' analysis that is integral to the Federal Rules.").  The Receivers request all documents "dated or created after January 1, 2015 in the possession, custody, or control

of Michael Jacob, constituting or relating to" twenty-five categories of documents. Proposed Order Granting Judicial Assistance, Ex. A, Jan. 28, 2020, D.E. 1-1. Those categories include, *inter alia*, financial, accounting, and banking statements of GNW; documents related to the management and operations of GNW; GNW's tax filings; GNW's transaction history; RECAP Chelsea's annual reports, financial statements, loan and insurance documents, and tax filings; communications with Neil Duggan related to the business entities at issue; and communications with any parties to the Foreign Proceeding. *See id.*

The aforementioned categories of documents are relevant to the Receivers' duties in light of the declarants' representations that the Receivers lack information regarding certain underlying transactions and their critical need for tax-related documents to avoid penalties. *See* Mackay Decl. ¶¶ 24-25; Royle Decl. ¶¶ 21-28. Jacob remains free to timely move before the Undersigned to quash the subpoena on the grounds of undue burden following service of the subponea. *See In re Hopkins*, 2020 WL 733182, at *2 ("[O]rders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." (quoting *In re Ex Parte Application Varian Med. Sys. Int'l AG, Applicant*, No. 16-80046, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016))).

## IV. CONCLUSION

For the reasons stated herein, the Undersigned respectfully recommends that the District Court grant the Receivers' application and appoint William T. Marshall, Jr., Esq., as Commissioner of the Court with the power to issue the proposed subpoena to Michael Jacob and to authorize the Receivers to file requests for judicial assistance with the Undersigned.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2).

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

**Dated: March 10, 2020**